FILED
U.S. DISTRICT COURT

2005 AUG 31  P 4: 33

DISTRICT OF UTAH

BY:_____
       DEPUTY CLERK

**STEPHEN QUESENBERRY (8073)**
**J. BRYAN QUESENBERRY (9156)**
**HILL, JOHNSON & SCHMUTZ, L.C.**
Jamestown Square
3319 North University Avenue
Provo, Utah 84604
Telephone (801) 375-6600

**Attorneys for Defendants Frank L. Davis, Harvest Marketing, LLC, and First Harvest, LLC**

IN THE UNITED STATES DISTRICT COURT
STATE OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| JENNIFER STEIMKE, as trustee of the ODETTE GRAHAM TRUST, sole beneficiary of the MICHELON FAMILY TRUST, and sole devisee and representative of the ESTATE OF LYNDA STEIMKE MICHELON, <br><br> Plaintiffs, <br><br> JAE FORSCHEN, DAVID J. ORR, individually and dba WORLD CONTRACTUAL SERVICES, HARVEST MARKETING, L.L.C., FIRST HARVEST MARKETING, L.L.C., FRANK L. DAVIS, and JOHN DOES 1 through 10, <br><br> Defendants. | **MEMORANDUM IN OPPOSITION TO MOTION FOR ENTRY OF JUDGMENT** <br><br> (EVIDENTIARY HEARING REQUESTED) <br><br><br><br><br> Case No. 2:03CV00487 DAK <br><br> Judge Dale A. Kimball |

Defendants Frank L. Davis, Harvest Marketing, LLC, and First Harvest, LLC ("David Defendants"), by and through counsel, submit this memorandum in opposition to Plaintiffs' Motion for

Entry of Judgment.

## ARGUMENT

### I. PLAINTIFFS' REQUEST FOR ATTORNEY'S FEES AND COSTS IS PREMATURE

Even though the Court granted only one of Plaintiffs' 12 causes of action asserted against the Davis Defendants (and dismissed four others, leaving seven causes of action remaining against the Davis Defendants), Plaintiffs now request the Court to enter a final judgment under Rule 54(b) in order to obtain a judgment in the amount of $175,000 (principal) plus $290,000 (interest over five years) plus $155,000 (attorney's fees) plus $6,784 (costs), totaling $626,784 (plus $1,000 a week in interest after September 29, 2005). Notwithstanding the fact that the Davis Defendants did not see a dime of the underlying principal, the exorbitant interest sought by Plaintiffs, or the 1/3 contingent fee of $155,000 sought by Plaintiffs (when their attorneys incurred about $40,000 at their hourly rates), Plaintiffs seek a windfall judgment of $626,784 now rather than wait till the end of trial after all claims and defenses have been adjudicated. Plaintiffs' request for attorney's fees and a final judgment is simply premature.

#### A. An Interlocutory Judgment and Award of Attorney's Fees Undermines the Public Policy of Judicial Economy

Judicial economy and efficiency are best served with one final judgment, as opposed to intermediate judgments awarded prior to trial. This is because awarded amounts can often be offset with costs or damages incurred by the other side which might be established later at trial. For example,

if Plaintiffs obtain their judgment now and collect some or all of it before trial, and then at trial the Davis Defendants prevail against one of Plaintiff's claims that provide attorney's fees, after trial the Davis Defendants will have to collect monies they previously paid to Plaintiffs under the Plaintiffs' earlier judgment.

Further, with a judgment in hand at this stage of the proceeding, Plaintiffs are free to begin collecting on said judgment, thereby infringing on financial resources the Davis Defendants would otherwise need to cover the costs and fees of their defense in this case up through trial.

Accordingly, based on principles of judicial economy, the Court should reserve ruling on any attorney's fees until the end of trial.

## B.  Utah's Local Version of Rule 54(d) Allows For Entry of Costs Only After Final Judgment

Rule 54(d) allows for costs to a prevailing party, but it is implicit in this rule that costs can only be taxed <u>after</u> a final judgment has been entered in favor of the prevailing party seeking costs. This is made clear by DUCivR 54-2(a): "Within twenty (20) days <u>after the entry of final judgment</u>, the party entitled to recover costs must file a bill of costs on a form available from the clerk of the court, a memorandum of costs, and a verification of bill of costs under 28 U.S.C. § 1924." (Emphasis added.)

In this case, no final judgment has been entered and none can be until all of Plaintiff's remaining claims are adjudicated. The Court's summary judgment memorandum decision and order, "adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties," and is therefore

"subject to revision at any time before entry of judgment adjudicating all the claims and the rights and liabilities of all the parties." Rule 54(b). Accordingly, until such time as a final judgment is entered, a Bill of Costs is premature.

### C.    Davis Defendants Are Waiting Until the End of Trial to Request Their Attorney's Fees Awardable For Prevailing on Plaintiffs' Statutory Claim for State Aider and Abetter Liability and Plaintiffs' Common Law Claim of Breach of Fiduciary Duty

Based on the Court's summary judgment decision, the Davis Defendants prevailed against Plaintiff's statutory claim of aider and abetter liability and their common law claim of breach of fiduciary duty. Both claims allow for attorney's fees which, based on Utah's reciprocity statute, should be awarded to the prevailing party under each claim.

Plaintiff's statutory state aider and abetter claim is based on U.C.A. § 61-1-22 (part of the Utah Uniform Securities Act).[1] This section allows one suing thereunder "to recover . . . reasonable attorney's fees . . ." U.C.A. § 61-1-22(1)(a).

Further, regarding attorneys fees under a breach of fiduciary duty claim, the Utah Supreme Court has held that a "breach of a fiduciary obligation is a well-established exception to the American rule precluding attorney fees in tort cases generally. We thus conclude that the trial court correctly held

---

[1] The third claim for relief in the Complaint is violation of Utah Uniform Securities Act, which references U.C.A. § 61-1-13. The fourth claim for relief in the Complaint is aider and abetter liability based on "violations of the Utah Uniform Securities Act as set forth in the Third Claim for Relief in this Complaint . . ." (See, Compliant at ¶ 56). The fourth claim for relief also references U.C.A. § 61-1-22.

4

attorney fees to be a proper element of damages in this case." Campbell v. State Farm Mut. Auto. Ins. Co., 65 P.3d 1134, 1169 (Utah 2001).

Thus, because the Davis Defendants have prevailed on these two claims, the Davis Defendants are entitled to an award of their attorneys fees. However, in order to best preserve judicial economy, Davis Defendants intend to (and thus reserve the right to) request these fees at the end of trial. Because there would obviously be an offset to whatever fees and costs Plaintiffs are entitled to, the Court should determine all issues of attorneys fees at the end of trial.[2]

## II.   PLAINTIFFS' ATTORNEYS FEES ARE UNREASONABLE

In their request for attorneys fees and costs, Plaintiffs seek an unreasonable amount of fees because (a) at an hourly rate they only incurred about $40,000, but instead request a contingent fee amount of $155,000, and (b) they fail to apportion their fees to account for claims still remaining and for fees incurred in the prosecution of their claims against the other Defendants.

### A.   Plaintiff's Contingency Fee Amount Is Unreasonable

Although Plaintiffs' counsel incurred about $40,000 in fees (at an hourly rate), because Plaintiffs supposedly engaged their counsel under a contingent fee arrangement,[3] they instead seek a contingent

---

[2] If the Court decides to award Plaintiffs their fees now, Davis Defendants request the opportunity to submit their attorney's fees motion and affidavit so that they could reduce Plaintiffs' fees by the amount incurred by the Davis Defendants.

[3] Plaintiffs fail to attach a written contingent fee agreement to any of their moving papers. As set forth in Rule 1.5(c) of the Utah Code of Professional Conduct, contingent fee agreements are supposed to be in writing. Because it is supposed to be in writing and because Plaintiffs are seeking such exorbitant fees thereunder, the Davis

fee amount of $155,000. Such an amount is patently unreasonable.

The underlying note indicates that $100,000 was loaned to the Davis Defendants and allowed for $75,000 in interest (and $1,000 in interest per week thereafter if the note was not paid). The note also allowed for a reasonable attorney's fee if Plaintiffs had to collect under the note. However, the note does not allow Plaintiffs a windfall. Their request for $155,000 in attorneys fees, when their counsel actually incurred about $40,000, is just piling on to the $$365,000 principle and interest sought by Plaintiffs.

Plaintiffs justify such an award of fees based on Campbell, *supra*, which also relies on Billings v. Union Bankers Ins. Co., 918 P.2d 461, 469 (Utah 1996) for the proposition that if contingency fee arrangements are foreseeable by the non-prevailing party, then a contingent fee amount can be awarded against the non-prevailing party. However, both Campbell and Billings were cases instituted against insurance companies, and the Plaintiffs in both cases presented evidence that it is the usual and customary practice for attorneys bringing suits against insurance companies to charge a contingent fee.

In the present case, the only "evidence" of the Davis Defendants' supposed foreseeability of being liable for a contingent fee under the promissory note is Plaintiffs' counsel's affidavit which states:

> 8. It is my experience that plaintiffs in collection actions such as this one frequently engage legal counsel on a contingency basis. I am acquainted with local attorneys whose sole practice is to collect amounts due on various instruments exclusively on a contingency fee basis. I believe that at the time Mr. Davis signed the Davis Note, he should have reasonably

---

Defendants are entitled to review and examine Plaintiffs' contingent fee agreement.

6

> anticipated that plaintiff may engage her counsel on a contingency fee basis in the event she was compelled to commence legal action to enforce the note.
> 9. Although some contingency fees are higher, I believe that a one-third contingency fee is standard in this community. I believe that this fee is fair for the services rendered in this case.

(See, Affidavit and Memorandum of Fees and Costs at ¶¶ 8-9). Although these two paragraphs consist mostly of the subjective belief of Plaintiffs' counsel, they nonetheless contain a vague and foundationless reference to other attorneys in the community who charge a contingent fee. Defendants deserve the right to discover the sources of this vague reference and to cross-examine them before the Court at an evidentiary hearing (as well as put on their own contradictory evidence). At the very least, based on the affidavit from the Davis Defendants' counsel submitted herewith, wherein said Defendants' counsel testifies that it is not the practice for plaintiffs bringing breach of promissory note claims to pay via a contingency fee arrangement, this issue is disputed and cannot be determined on affidavits alone.

Accordingly, Plaintiffs' contingency fee arrangement creates an unreasonable fee that adds on Plaintiffs' windfall summary judgment award.

### B. Plaintiffs' Request for Attorney's Fees Fails to Apportion Any Percentage of Said Fees with Plaintiffs' Other Causes of Action

One glaring discrepancy with Plaintiffs' request for attorney's fees is that they have made no allowance for their other 11 causes of action they have asserted against the Davis Defendants, seven of which are either still viable or have been dismissed (the Court has only granted one of Plaintiffs' 12

7

causes of action against the Davis Defendants on summary judgment–breach of promissory note). Further, Plaintiffs fail to apportion any of their fees related to the other Defendants (i.e. Forschen or Orr). Thus, Plaintiffs have placed the burden on the Davis Defendants to shoulder their entire attorney's fees bill for fees they incurred in this litigation against all Defendants and for causes of action unrelated to the breach of promissory note claim. Such is not reasonable. The Davis Defendants should not be responsible for fees Plaintiffs incurred in prosecuting all their other claims against the other Defendants. Nor should the Davis Defendants be responsible for fees Plaintiffs incurred in conjunction with all of their other causes of action which are not adjudicated or have been dismissed on summary judgment.

Accordingly, the Court should set an evidentiary hearing (as argued below) in order for the Davis Defendants to exam Plaintiffs' counsel regarding the distribution of their fees and percentages of their services *vis-a-vis* the other Defendants and the other causes of action.

## III. PLAINTIFFS' BILL OF COSTS SEEKS INAPPROPRIATE ITEMS

Plaintiffs have submitted a Bill of Costs pursuant to Rule 54(b) (and 28 U.S.C. § 1920)[4]

---

[4] Section 1920 states:
    A judge or clerk of any court of the United States may tax as costs the following:
    (1) Fees of the clerk and marshal;
    (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
    (3) Fees and disbursements for printing and witnesses;
    (4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
    (5) Docket fees under section 1923 of this title;
    (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees,

wherein they request $4,063.69 for items such as mail courier services (i.e. Federal Express, DHL, UPS, etc.), mailings, photocopies, long distance phone calls, postage, deposition transcripts, computer legal research, travel expenses, outside legal services, and messenger services. (See, Plaintiffs' Bill of Costs). However, these costs are inappropriate.

The Supreme Court ruled in Farmer v. Arabian American Oil Company, 379 U.S. 227, 235 (1964) that, "the discretion given district judges to tax costs [under 54(d) Fed.R.Civ.P.] should be sparingly exercised with reference to expenses not specifically allowed by statute." In Smith v. Diffee Ford-Lincoln-Mercury, Inc., 298 F.3d 955, 969 (10 Cir. 2002) (citation omitted), the 10th Circuit held that telephone costs are not recoverable under Rule 54 or 28 U.S.C. § 1920. In U.S. Industries, Inc. v. Touche Ross & Co., 854 F.2d 1223, 1247, n 9 (10th Cir. 1988) (citation omitted), it also held that computerized research costs should be denied under section 1920. Other federal courts have similarly excluded certain items as taxable costs under Section 1920 and Rule 54. See, e.g., Matter of Kochell, 36 B.R. 766, 768 (Bkrtcy.Wis. 1984) (holding that Section 1920 should be strictly construed, that any costs taxed must be within the express language of the statute, and that traveling expenses, phone calls and postage were not recoverable); Abel Converting, Inc. v. U.S., 695 F.Supp. 574, 583 (DC DC 1988) (holding that, "Under the EAJA, plaintiff may recover . . . the costs identified in 28 U.S.C. § 1920. Of the costs listed by plaintiff in its fee petition, only photocopying and transcription

---

expenses, and costs of special interpretation services under section 1828 of this title.

services are permitted by section 1920. Thus, postage, word processing, messenger services, travel, meals, and similar expenses are not compensable.").

Accordingly, Plaintiffs' costs for travel, postage, mailing, computer research, long distance, and assorted services are prohibited.

Further, Plaintiffs' Bill of Costs fails to comply with DUCivR 54-2(a) which requires that a party entitled to recover costs must comply with the following procedures:

> [The party must] file a bill of costs on a form available from the clerk of the court, a memorandum of costs, and a verification of bill of costs under 28 U.S.C. § 1924. The memorandum of costs must (i) clearly and concisely itemize and describe the costs; (ii) set forth the statutory basis for seeking reimbursement of those costs under 28 U.S.C. § 1920; and (iii) <u>reference and include copies of applicable invoices, receipts, and disbursement instruments</u>.

(Emphasis added). Plaintiffs' Bill of Costs fails to include copies of applicable invoices, receipts, and disbursement instruments, and is thus invalid.

## IV. THE DAVIS DEFENDANTS REQUEST AN EVIDENTIARY HEARING

As mentioned throughout the preceding argument, the Davis Defendants respectfully request an evidentiary hearing to examine Plaintiffs' counsel and witnesses as to their fees, costs, and entries submitted in conjunction with Plaintiffs' Motion for Entry of Judgment. Such is allowed by law.

Rule 43(e) of the Fed. R. Civ. P. states, "When a motion is based on facts not appearing of record the court may hear the matter on affidavits presented by the respective parties, but the court may direct that the matter be heard wholly or partly on oral testimony or deposition." Related to this

rule, the court in Marable v. Walker, 704 F.2d 1219, 1222 (11th Cir. 1983) held, "This Court has consistently required district courts to conduct evidentiary hearings [citation omitted] and to enter specific findings of fact and conclusions of law in rendering fee awards where disputes cannot be otherwise resolved." See also, United Commercial Ins. Service, Inc. v. Paymaster Corp., 962 F.2d 853, 858 (9th Cir. 1992) (holding that if factual questions are not readily ascertainable from declarations, the district court should hear oral testimony.)

In the present case where over $115,000 in attorney's fees is possibly at stake (the difference between $155,000 and $40,000), the Davis Defendants will be heavily prejudiced if the Court just takes Plaintiffs' counsel's word that the Davis Defendants should have foreseen that they could be on the hook for a contingent fee if they breached the promissory note. The Davis Defendants need an opportunity to examine Plaintiff's counsel as to items in Plaintiffs' attorney fee affidavit and to cross-examine the foundation to Plaintiffs' claim of what is the usual and customary practice in this locality. Further, the Davis Defendants need the opportunity to present their own evidence that contingent fee arrangements are not foreseeable, customary, or usual with breach of promissory note claims.

Additionally, Plaintiffs' fees print out contains a number of discrepancies that do not readily relate to this case or make sense (i.e. references to three hours reviewing a report with Dennis Williams, .40 hours for preparing a memorandum to the "contingency committee," .40 hours spent conferring with David Sonnenrich regarding case issues, 1.0 hours spent on the "White claim," .70 hours spent

11

conferring with Mike Brown regarding a deposition, reviewing a reply brief before drafting it and then drafting it before preparing it (entries 6/1/05-6/13/05), as well as others).

## CONCLUSION

Accordingly, because such a large amount of attorney's fees are at stake, Plaintiffs lack the proper foundation and factual support to request a contingent fee, and because some of Plaintiffs' fees and entries don't make sense, the Court should set an evidentiary hearing so that both parties can provide evidence related to Plaintiffs' request for fees and costs.

DATED this 31 day of August, 2005.

HILL, JOHNSON & SCHMUTZ, L.C.

Stephen Quesenberry
J. Bryan Quesenberry
Attorneys for Davis Defendants

## CERTIFICATE OF MAILING

The undersigned hereby certifies that on the 31 day of August, 2005, they caused a true and correct copy of the foregoing memorandum to be delivered to the following:

David M. Wahlquist (hand-delivered)
Kirton & McConkie
1800 Eagle Gate Tower
60 East South Temple
PO Box 45120
Salt Lake City, Utah 84145-0120

David J. Orr (mailed)
5449 Suntree Avenue
West Valley, Utah 84120

Sent Via:
___✓___ Hand-Delivery
_____ Facsimile
___✓___ Mailed (postage prepaid)

13