# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## CENTRAL DIVISION

| | |
|---|---|
| JENNIFER STEIMKE, as trustee of the ODETTE GRAHAM TRUST, sole beneficiary of the MICHELON FAMILY TRUST, and sole devisee and representative of the ESTATE OF LYNDA STEIMKE MICHELON, | |
| **Plaintiff,** | **MEMORANDUM DECISION AND ORDER** |
| vs. | Case No. 2:03CV487DAK |
| JAE FORSCHEN, ET AL., | |
| **Defendants.** | |

This matter is before the court on Plaintiff Jennifer Steimke's motion for summary judgment against Defendant David Orr on her Seventeenth Claim for Relief alleging breach of fiduciary duty. The court held a hearing on the motion on October 4, 2006. Plaintiff was represented by David M. Wahlquist and Defendant represented himself pro se. The court has carefully considered all pleadings, memoranda, and other materials submitted by the parties. The court has further considered the law and facts relevant to the motions. Now being fully advised, the court enters the following Memorandum Decision and Order.

## BACKGROUND

Plaintiff is the sole beneficiary of the Michelon Family Trust and the sole devisee of the Estate of Lynda Steimke Michelon. In the spring of 1999, Plaintiff's mother, Lynda Steimke Michelon, met Jae Forschen, who worked for World Contractual Services ("WCS"), and David Orr, the owner of WCS, at a booth at a financial planning seminar in Cancun, Mexico. Michelon

agreed to invest money with Forschen and/or WCS.  Michelon invested $100,000 from her individual retirement funds to create the Michelon Family Trust ("MFT").  The causes of action relating to the funds in that trust were dealt with in a prior order by this court.

WCS created the Charlotte Georges Trust and appointed Forschen and Orr as co-trustees of the trust.  Orr gave Forschen his power of attorney to act on his behalf as co-trustee.  Forschen directed Michelon to transfer $53,500 from the Odette Graham Trust to him for deposit into the account of the Charlotte Georges Trust.  Michelon sent Forschen a check in the amount of $53,500.00 payable to Charlotte Georges Enterprises.  After receiving the money, Forschen and Orr sent it overseas for investment in an account known as Hulaman, which was managed by Nolan Bush.

However, prior to the time the money was sent, the United States government had seized Hulaman's funds and shut down the fund.  Because the money was sent after the fund had been shut down, the money was lost.  Orr undertook efforts to recover the money, but has not been successful.  Plaintiff argues that sending this money to a fund that had been shut down was a breach of Defendants' fiduciary duties as trustees of the Charlotte Georges Trust.

## DISCUSSION

Plaintiff moves for summary judgment against Orr on the seventeenth claim for relief for breach of fiduciary duty.  Orr was co-trustee of the Charlotte Georges Trust.  Under Utah Code Ann. § 75-7-901(1), "a trustee who invests and manages trust assets owes a duty to the beneficiaries of the trust to comply with the prudent investor rule."  *Id.*  The prudent investor rule, set forth in Utah Code Ann. § 75-7-902(1), provides that "[a] trustee shall invest and manage trust assets as a prudent investor would, by considering the purposes, terms, distribution requirements, and other circumstances of the trust."  To satisfy that standard, "the trustee shall

exercise reasonable care, skill and caution." *Id.* "If a trustee is named on the basis of a trustee's representations of special skills or expertise, he is under a duty to use those skills or expertise." *Id* § 75-7-901(1).

Orr argues that he gave Forschen only a limited power of attorney and that when the funds were transferred to Hulaman, Forschen signed his name without his authorization. Orr's deposition testimony, however, was that Forschen had his power of attorney to sign for him as trustee on anything. Therefore, whether or not there is any legal significance to being a co-trustee rather than a trustee, Orr testified that Forschen could sign for him with respect to anything.

A party may not rely upon a subsequent affidavit to create an issue of fact unless there is a substantial likelihood that the deposition testimony was in error or the party can explain the basis for the contradictory testimony. *Webster v. Sill*, 675 P.2d 1170 (Utah 1983). Orr has not provided an explanation for the contradictions between his deposition testimony and his assertions for purposes of summary judgment. Therefore, the court bases its decision on the substance of Orr's testimony from his deposition. Based on that testimony, Orr is liable for any activities performed by Forschen pursuant to Orr's power of attorney. Accordingly, Plaintiff's motion for summary judgment is granted. Plaintiff is entitled to $53,500.00 plus interest and costs.

## CONCLUSION

Based on the above reasoning, Plaintiff's Motion for Summary Judgment against Orr on the Seventeenth Claim for Relief is GRANTED. The Clerk of Court is directed to enter judgment in favor of Plaintiff and against Defendant Orr in the amount of $53,500.00 plus

interest and costs.

DATED this 23rd day of October, 2006.

BY THE COURT

DALE A. KIMBALL
United States District Judge